# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| PEGGY ANNE BOURQUE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | NO. 3:17-cv-00281 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| | ) | MAGISTRATE JUDGE NEWBERN |
| BANK OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This case has been reassigned to the undersigned Judge.

Pending before the Court is the Magistrate Judge's Report and Recommendation (Docket No. 87) recommending that the Court grant the following motions: Defendant Seterus, Inc.'s Motion To Dismiss Plaintiff's First Amended Complaint (Doc. No. 58); Defendant Dwayne Hampton's Motion To Dismiss (Doc. No. 63); Defendant Bank Of America, N.A.'s Motion To Dismiss Plaintiff's Amended Complaint (Doc. No. 71); and Motion To Dismiss By Defendants Harry Tinsley, His Spouse, And Estate (Doc. No. 75).

Also pending before the Court are Plaintiff's Motion Requesting Extension Of Time (Doc. No. 88) and Plaintiff's Motion To Strike (Doc. No. 91), though which Plaintiff appears to request that the Court strike Docket No. 88. The request to strike Docket No. 88 is **GRANTED**, and the Court will consider the objections to the Report and Recommendation set out in Docket No. 91.

Defendant Seterus, Inc. has filed a Response (Doc. No. 92) to Plaintiff's objections, which has been joined by Defendant Bank of America (Doc. No. 94).

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.03(b)(3), the court reviews *de novo*

any portion of a report and recommendation to which a specific objection is made. *United States v. Curtis,* 237 F.3d 598, 603 (6th Cir. 2001). General objections are insufficient and may result in waiver of review. *See, e.g., Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009). In conducting the review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

As discussed in the Report and Recommendation, Plaintiff's claims are based on an alleged conspiracy to defraud her in connection with her purchase of real property in 2006, and on the subsequent collection efforts and foreclosure sale following her default on a mortgage. More specifically, Plaintiff asserts claims for civil conspiracy and fraud against Defendants Hampton and Tinsley; a claim for declaratory judgment and to quiet title against all Defendants; and a claim for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, against Defendants Bank of America, Seterus, Priority Trustee Services of Tennessee, LLC, Stephen Routh, and RCO Legal, P.S.

The Magistrate Judge determined that Plaintiff's civil conspiracy and fraud claims against Defendants Hampton and Tinsley relating to the allegedly fraudulent sale of the property in 2006 were barred by the applicable statutes of limitations. The Magistrate Judge explained that Plaintiff discovered the extent of her injury by early 2007 and did not file suit until February 13, 2017, well beyond the applicable three-year statute of limitations. Plaintiff objects to this conclusion by alleging that she did not discover the "true nature" of the debt or the extent of the fraud until much later. Indeed, Plaintiff suggests that she has "never" discovered the extent of the fraud.

Under the fraudulent concealment doctrine and the discovery rule, the statute of limitations is tolled until the plaintiff "'discovers or should have discovered the defendant's fraudulent

2

concealment or *sufficient facts to put the plaintiff on actual or inquiry notice of his or her claim . . .*'" *Vendergriff v. Parkridge East Hospital*, 482 S.W.3d 545, 556 (Tenn. Ct. App. 2015) (quoting *Redwing v. Catholic Bishop for the Diocese of Memphis*, 363 S.W.3d 436, 463 (Tenn. 2012) (emphasis in original)). Under both rules, therefore, the statute of limitations begins to accrue when a plaintiff "ha[s] sufficient facts to provide [the plaintiff] with actual or constructive notice of [his or her] claims." *Id.*, at 557. In the First Amended Complaint, Plaintiff alleges that she "was first made aware of the fraud a few months after the closing," and the closing occurred on October 15, 2006. (Doc. No. 56, at ¶¶ 17, 37). This assertion and the other allegations in the complaint lead the Court to conclude that Plaintiff had sufficient facts to put her on notice of her claim against Defendants by 2007, at the latest. Her failure to file suit until some 10 years later bars her claims of fraud and civil conspiracy.

As for Plaintiff's claim for declaratory judgment and to quiet title, the Magistrate Judge determined that, under Tennessee law, Plaintiff's assertion of title to the property through adverse possession must yield to the superior title held by the mortgagee as collateral for repayment of the mortgage loan. *See* Tenn. Code Ann. § 28-2-108 ("Possession is not adverse within the meaning of this chapter, as to any person claiming a right or interest in the land, when taken and continued under a title bond, mortgage or other instrument acknowledging that right or interest, or when taken and continued in subordination to the right or interest of another.") Therefore, the Magistrate Judge concluded Plaintiff is not entitled to a judicial declaration of quiet title to the property. Plaintiff objects to this conclusion by arguing that the loan and mortgage documents at issue are invalid due to the fraud perpetuated by Defendants Hampton and Tinsley. Having determined that Plaintiff's fraud claims are barred by the statute of limitations, the Court concludes that Plaintiff's

3

objection on this point is without merit.

Finally, the Magistrate Judge determined that Plaintiff's claim for violation of the FDCPA was without merit because she did not allege that the "debt" she incurred in purchasing the property was "primarily for personal, family or household purposes," as required by the statute. 15 U.S.C. § 1692a(5). Plaintiff argues that her failure to allege facts that would satisfy this definition could be cured by the filing of another amended complaint, and requests leave to do so.

Rule 15(a)(2) provides that a court should freely grant leave to amend a pleading "when justice so requires." Courts have substantial discretion under this standard, and may deny leave to amend "based on undue delay, bad faith or dilatory motive or futility of amendment." *Pedreira v. Kentucky Baptist Homes for Children, Inc.*, 579 F.3d 722, 729 (6th Cir. 2009).

Plaintiff began this action by filing a 61-page Original Verified Complaint (Doc. No. 1) on February 13, 2017. In that pleading, Plaintiff alleges that she is a "retired businesswoman, and resident of the County of Macon, State of North Carolina," and that she "entered into a joint venture with her entrepreneur son and Co-Plaintiff ('Mason') for the purchase of" the Tennessee property at issue. (*Id.*, at ¶ 12). On July 17, 2017, Plaintiff filed a 43-page First Amended Complaint (Doc. No. 56) that contains essentially the same allegation, and describes her son as a "business partner/caretaker." (*Id.*, at ¶ 2). In their Declarations filed in support of the First Amended Complaint, both Plaintiff and her son state that they began searching "for a property to *invest* in" in 2006. (Doc. No. 56, at 61, 65) (emphasis added). In her objection to the Report and Recommendation, Plaintiff now claims that "the primary goal in purchasing the property was to give her son a place to stay after being homeless, and an opportunity to fix up the property for his family." (Doc. No. 91, at 4).

4

Plaintiff has failed to explain why this new allegation was not made in her previously-filed pleadings. Indeed, the new allegation that the purchase of the property was for the purpose of providing her homeless son a place to reside directly contradicts the previous allegations in Plaintiff's pleadings that the purchase was a joint venture for purposes of investment. As Plaintiff has failed to provide an explanation for the undue delay in asserting this alternative description of the purchase, the Court concludes that it would not be in the interest of justice to permit Plaintiff to file a third amended complaint.

Having conducted a *de novo* review of the Magistrate Judge's determinations, Plaintiff's objections, and the record in this case, the Court concludes that the Plaintiff's objections are without merit, and the Report and Recommendation should be accepted. Accordingly, Defendant Seterus, Inc.'s Motion To Dismiss Plaintiff's First Amended Complaint (Doc. No. 58); Defendant Dwayne Hampton's Motion To Dismiss (Doc. No. 63); Defendant Bank Of America, N.A.'s Motion To Dismiss Plaintiff's Amended Complaint (Doc. No. 71); and Motion To Dismiss By Defendants Harry Tinsley, His Spouse, And Estate (Doc. No. 75) are **GRANTED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE